## THE BOARD OF COMMISSIONERS OF MORRIS CO. v. ANDREW W. HINCHMAN.

TERRITORY NOT LIABLE *for Township Debt.* In 1857, the boundaries of Morris county were prescribed by statute. In 1860, Council Grove township was organized by the action of the county board, and the county line was named in the order as its eastern boundary. In 1864, the legislature passed an act by which a strip of two miles was added to Morris county on the east. *Held,* That such two-mile strip did not thereby become a part of Council Grove township, or liable for any of the indebtedness of said township.

### *Error from Morris District Court.*

AT the April Term, 1882, of the district court, *Hinchman,* plaintiff, had judgment against the defendant *Board of Commissioners of Morris County,* and others, who bring the case to this court. The opinion states the facts.

*Johnston & Bertram,* and *John T. Bradley,* for Council Grove township, plaintiff in error.

*Buck & Feighan,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by defendant in error, plaintiff below, to restrain the collection of certain taxes, levied for the payment of court-house bonds. A temporary injunction was issued. Defendants moved to set aside the injunction, and also demurred to plaintiff's petition. Both motion and demurrer were overruled, and without waiting for final adjudication, plaintiffs in error bring the case here for review. The facts, so far as disclosed by the record, are these: In 1873, the township of Council Grove issued $15,000 in bonds for the purpose of building a court house, which when built was donated to the county. The purpose of this was to secure the continuance of the county seat at Council Grove, and to prevent its removal to some other place in the county. In 1874, Valley township was organized, and all of

plaintiff's lands lie in such township; and the question presented is, whether his lands are liable to taxation for the payment of said bonds. Plaintiff claims they are not, and for these reasons: First, because said issue of bonds was *ultra vires*, and created no obligation against Council Grove township; second, because, even if the township had power to issue bonds for that purpose, the proceedings were defective, and so defective as to create no valid obligation against the township; third, because, as to part of his lands at least, they never were within the limits of Council Grove township. Upon the showing made in the record, the last reason given is well founded in fact and is sufficient. The facts are these: By the laws of 1857, page 42, the boundaries of the county of Morris, then called Wise, were defined. By the act of the commissioners of Morris county, March 7, 1860, Council Grove township was organized. Its eastern boundary was the county line so named in the order organizing the township. In 1864, by chapter 22 of the laws of that year, the eastern boundary of Morris county was extended two miles. In 1874, by act of the county commissioners of Morris county, Valley township was organized, and embraced within its limits a portion of the land of the old township of Council Grove, and also the two-mile strip added to the county in 1864. A portion of plaintiff's land was within this two-mile strip added in 1864, and another portion was within that part of Valley township which had theretofore been a part of Council Grove township. The claim of the defendants is, that by the act of 1864 the two-mile strip became not only a part of Morris county, but also a part of Council Grove township in that county. Nothing appears in the record to justify this claim, further than the legislative act itself. Counsel for plaintiff challenge the validity of this legislative act. We shall assume it to be valid; but assuming it to be valid, in the absence of any further action by the commissioners of Morris county, and in the absence of any action or acquiescence on the part of the inhabitants of this two-mile strip, it cannot be adjudged that it ever became a part of Council

Grove township. By the proceedings of the county board of 1860, the boundaries of Council Grove township were fixed and determined, and just as fully and completely as though measurement and distance had been prescribed. Subsequent legislative change in the boundaries of the county in no manner disturbed the township. Addition thereby made to the county territory simply placed so much territory in the county for organization into new townships by the commissioners, or for addition by them to the territory of already-existing townships. Enlarging the county boundary did not *ipso facto* enlarge the township boundary. No action of the county commissioners is shown; nothing on the part of the inhabitants of the two-mile strip tending to show that they recognized themselves as a part of Council Grove township; nothing to show an estoppel against their insisting they never were a part of such township. Upon such a showing, the court might properly adjudge that this two-mile strip was never a part of Council Grove township, and therefore never liable for any of its indebtedness. This, upon preliminary inquiry, was sufficient to justify the overruling of the demurrer, and also the denial of the motion to dissolve the injunction. In this view of the case, its action was right; and here we stop. Other questions we decline to decide, and for these reasons: On the final trial, further facts may be shown, which will compel an adjudication that this two-mile strip was in fact part of Council Grove township, or that the inhabitants of such township so acted as now to estop them from denying they were a part of such township. Again, it appears that an action was commenced in the United States court against such township upon coupons of said bonds, and judgment recovered. The full proceedings of such actions are not disclosed. There is an intimation in the record that the validity of the bonds was challenged, and their validity adjudged by a divided court, but in the absence of a full record, we cannot say how far such judgment concludes Council Grove township. Ordinarily, absolute rights will not be adjudicated upon preliminary proceedings. The courts will wait until a final hearing and

full disclosure of all the facts, before absolutely determining the rights of respective parties. Obviously, on the final hearing, these questions may arise, one or more of which must be determined before any final adjudication of the rights of the parties is made: First, did this two-mile strip ever become by the action of the county commissioners or the conduct and acquiescence of the inhabitants thereof, *de jure* or *de facto* part of Council Grove township? Second, had Council Grove township power to issue bonds of this description? Third, *if* it had power to issue such bonds, were the proceedings so irregular and defective as to invalidate the bonds which were then issued? Fourth, was the adjudication in the United States court such as to conclude Council Grove township as to the validity of those bonds? Fifth, if that judgment concludes Council Grove township as to the validity of those bonds, can the owner of any real estate within the limits of such township at the date of issue of such bonds question their validity? All of these questions may be important, and some of them are serious and difficult. We prefer not to determine them until there has been a final adjudication in the district court, and until all the facts are fully presented and determined. For the reasons heretofore indicated, the judgment of the district court will be affirmed.

All the Justices concurring.